**Debbie Van DEVENTER, Petitioner,**

v.

**Alberto T. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60439.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 27, 2006.

Nelli Nikova, Underwood, Wilson, Berry, Stein & Johnson, Amarillo, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, John Clifford Cunningham, Cindy S. Ferrier, U.S. Department of Justice Civil Division Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, Anne M. Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, Tami C. Parker, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Respondent.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: *

Debbie Van Deventer petitions for review of the Board of Immigration Appeals' decision summarily affirming the denial by the immigration judge ("IJ") of her application for asylum. The decision of the IJ is the proper subject of our review. *Soadjede v. Ashcroft*, 324 F.3d 830, 832 (5th Cir.2003). We will not reverse the IJ's determination that Van Deventer was ineligible for asylum "unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise." *Lopez–Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir.2001) (internal quotation marks and citation omitted).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Van Deventer argues that substantial evidence supports a determination both that she suffered past persecution and that she has a well-founded fear of future persecution on account of her race. The evidence, however, does not compel a finding that Van Deventer was "persecuted," as opposed to merely discriminated against, or that she suffered severe economic hardship as a result of South Africa's affirmative action policy. *See Eduard v. Ashcroft,* 379 F.3d 182, 187 n. 4 (5th Cir.2004); *Abdel–Masieh v. INS,* 73 F.3d 579, 583 (5th Cir.1996).

Moreover, neither the conclusional assertion in Van Deventer's brief nor the IJ's decision establishes that the IJ failed to consider Van Deventer's separate incidents of harm in the aggregate when ascertaining whether she had suffered past persecution. Therefore, she has failed to carry her burden of establishing legal error in that respect. *See Eduard,* 379 F.3d at 188.

Because Van Deventer failed to establish past persecution, the IJ correctly held that she is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1) (2006). Substantial evidence supports the IJ's determination that Van Deventer did not have an objectively reasonable fear of future persecution on account of her race. The evidence does not compel a finding either that the South African government had the capability and the inclination to punish Van Deventer, *see Zhao v. Gonzales,* 404 F.3d 295, 307 (5th Cir.2005), or that her fear of being raped if removed was on account of an enumerated ground.

PETITION DENIED.

